UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| MCI COMMUNICATIONS, INC. and MCIMETRO ACCESS TRANSMISSION SERVICES CORP., | Civil No. 18-2986 (JRT/SER) |
| Plaintiffs, | **MEMORANDUM OPINION AND ORDER** |
| v. | |
| CARL BOLANDER & SONS LLC, | |
| Defendant. | |

James J. Proszek, **HALL, ESTILL, HARDWICK, GABLE, GOLDEN, & NELSON, P.C.**, 320 South Boston Avenue, Suite 200, Tulsa, OK 74103, and Seth J. S. Leventhal, **LEVENTHAL PLLC**, 527 Marquette Avenue South, Suite 2100, Minneapolis, MN 55402, for plaintiffs.

Eric J. Steinhoff, **LIND JENSEN SULLIVAN & PETERSON, PA**, 901 Marquette Avenue South, Suite 1300, Minneapolis, MN 55402, for defendant.

Plaintiffs MCI Communications Services, Inc. and MCImetro Access Transmission Services Corp. (collectively "MCI") bring an action for trespass, negligence, statutory liability as an excavator, and breach of contract/third-party beneficiary against Defendant Carl Bolander & Sons LLC ("Bolander"). MCI seeks damages because Maverick Cutting & Breaking LLC ("Maverick"), a subcontractor hired by and working at the direction of Bolander, severed two of MCI's fiber-optic telecommunications cables while performing concrete sawcutting on April 14, 2015. MCI filed this action more than three years later, on October 22, 2018.

Bolander moves to dismiss MCI's action under Federal Rule of Civil Procedure 12(b)(6), arguing that it was filed outside the two-year statute of limitations set forth by Minn. Stat § 541.051, subd. 1(a).

The Court will find that section 541.051 does not apply to MCI's action because, while the sawcutting in this case constitutes an improvement to real property, MCI's injury did not arise out of a "defective and unsafe condition" of the improvement. The Court will thus deny Bolander's Motion.

## BACKGROUND

### I. FACTUAL BACKGROUND

MCI is a telecommunications company that owns and operates a nationwide network of mostly underground fiber-optic cables. (Compl. ¶ 8, Oct. 22, 2018, Docket No. 1.) The injury underlying this action arose when two of MCI's fiber-optic cables were cut during a construction project to replace several bridges in the City of St. Paul (the "Project"). (*Id.* ¶¶ 11, 24.) The Project included the removal and replacement of the bridge at the intersection of Wabasha Street and Kellogg Boulevard (the "Intersection"). (*Id.* ¶ 11.) The City of St. Paul contracted with Kraemer North America, LLC, ("Kraemer") to serve as the general contractor for the Project. (*Id.* ¶ 14.) Kraemer entered into a subcontract agreement with Bolander to perform some of the work on the Project, including removal of the bridge at the Intersection. (*Id.* ¶ 18.) Removing the bridge, however, first required the removal of pavement around the Intersection. (*Id.*) Bolander subcontracted with Maverick to complete this task. (*Id.* ¶ 20.)

On April 14, 2015, Maverick severed two of MCI's fiber-optic cables while sawcutting pavement at the Intersection. (*Id.* ¶ 24.) Maverick operated under the supervision and direction of Bolander. (*Id.* ¶ 22.)

## II. PROCEDURAL BACKGROUND

MCI first brought an action against Maverick on April 11, 2017, alleging trespass, negligence, and statutory liability as an excavator. *MCI Commc'ns Servs., Inc. v. Maverick Cutting & Breaking LLC*, No. CV 17-1117 (JRT/SER), 2018 WL 4562471, at *1 (D. Minn. Sept. 24, 2018). On April 26, 2018, a little over a year after MCI brought claims against Maverick and more than three years after the incident occurred, MCI moved to amend its complaint to assert claims for relief against Bolander and Kraemer. *Id.* Maverick opposed MCI's motion, arguing that (1) MCI failed to meet Rule 16(b)(4)'s good cause threshold and (2) that the claims against Bolander and Kraemer were barred by section 541.051's two-year statute of limitations. (Civil No. 17-1117, Defs.' Mem. Opp. at 6-13, May 3, 2018, Docket No. 29.)

United States Magistrate Judge Steven E. Rau denied MCI's motion to amend based on MCI's failure to meet Rule 16(b)(4)'s threshold burden of good cause. *MCI Commc'ns Servs., Inc. v. Maverick Cutting & Breaking LLC*, No. 17-CV-1117 (JRT/SER), 2018 WL 3000339, at *3 (D. Minn. June 15, 2018). Magistrate Judge Rau did not address the statute of limitations argument. *See id.* The Court affirmed the Magistrate Judge's decision. *MCI Commc'ns Servs., Inc.*, 2018 WL 4562471 at *3.

On October 22, 2018, MCI brought this action against Bolander, alleging four counts. (Compl.) First, MCI alleges that Bolander trespassed when it directed Maverick to cut directly across the orange markings showing the cables' approximate location at the Intersection. (*Id.* ¶¶ 21-28.) Second, MCI alleges that Bolander acted negligently in failing to take reasonable steps to determine the exact location of the cables and failing to adequately plan, train, and supervise its employees and its subcontractor. (*Id.* ¶¶ 31-32.) Third, MCI seeks to hold Bolander statutorily liable as an excavator under Minn. Stat. § 216D.06. (*Id.* ¶¶ 36-39.) Fourth, MCI alleges that Bolander breached its contract with Kraemer and that MCI is entitled to bring such a claim because it was an intended beneficiary of the contract between Bolander and Kraemer. (*Id.* ¶¶ 41-42.)

Bolander filed its Motion to Dismiss on November 8, 2018. (Mot. to Dismiss, Nov. 8, 2018, Docket No. 7.)

## DISCUSSION

### I. STANDARD OF REVIEW

In reviewing a Rule 12(b)(6) motion to dismiss, the Court considers all facts alleged in the complaint as true to determine whether the complaint states "a claim to relief that is plausible on its face." *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it

'stops short of the line between possibility and plausibility,'" and must be dismissed. *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). Furthermore, "a court may dismiss a complaint under [Rule] 12(b)(6) as barred by a statute of limitations if the complaint itself shows that the claim is time-barred." *Wong v. Wells Fargo Bank N.A.*, 789 F.3d 889, 897 (8th Cir. 2015).

Minnesota law applies in this case based on diversity jurisdiction. *See Integrity Floorcovering, Inc. v. Broan–Nutone, LLC*, 521 F.3d 914, 917 (8th Cir. 2008). "In resolving any substantive issues of state law, [the Court is] bound by the decisions of the Minnesota Supreme Court." *Id.* "If the Minnesota Supreme Court has not spoken on a particular issue, [the Court] must attempt to predict how the Minnesota Supreme Court would decide an issue and may consider relevant state precedent, analogous decisions, considered dicta[,] . . . and any other reliable data." *Id.* (omission in original) (internal quotation omitted).

## II. MINNESOTA STATUTE § 541.051

Bolander seeks dismissal of MCI's entire action, arguing that MCI's claims are time-barred by Minn. Stat. § 541.051's two-year statute of limitations.

Section 541.051, provides the following:

> Except where fraud is involved, **no action** by any person in contract, tort, or otherwise to recover damages **for any injury** to property, real or personal or for bodily injury or wrongful death, **arising out of the defective and unsafe condition of an improvement to real property**, shall be brought against any person performing or furnishing the design, planning, supervision, materials, or observation of construction or construction of the improvement to real property or against the

> owner of the real property **more than two years after the cause of action accrues**. . .

Minn. Stat. § 541.051, subd. 1(a) (emphasis added); *see also Contech Engineered Sols. LLC v. Element Materials Tech. St. Paul Inc.*, 141 F. Supp. 3d 945, 949 n.2 (D. Minn. 2015).

The parties do not dispute that MCI brought this action more than three years after the cause of action accrued. They dispute (1) whether Maverick's sawcutting constitutes an "improvement to real property" and, if so, (2) whether MCI's injury arose from a "defective and unsafe condition" of the improvement. The Court will find that Maverick's sawcutting constitutes an "improvement to real property" but that MCI's injury did not arise from a "defective and unsafe condition" of that improvement. As such, the Court will deny Bolander's Motion to Dismiss.

### A. Improvement to Real Property

The Minnesota Supreme Court has defined an "improvement to real property" under section 541.051 as "[a] permanent addition to or betterment of real property that enhances its capital value and that involves the expenditure of labor or money and is designed to make the property more useful or valuable as distinguished from ordinary repairs." *Lietz v. N. States Power Co.*, 718 N.W.2d 865, 869 (Minn. 2006) (quoting *Sartori v. Harnischfeger Corp.*, 432 N.W.2d 448, 451 (Minn. 1988)). It has also noted that a "common-sense interpretation" should be used when applying the definition to the facts of the case. *Id.* (citation omitted); *see also Associated Elec. & Gas Ins. Serv. v. BendTec, Inc.*,

No. CIV. 14-1602, 2015 WL 3915805, at *4 (D. Minn. June 25, 2015), *aff'd sub nom. Associated Elec. & Gas Ins. Servs. v. BendTec, Inc.*, 822 F.3d 420 (8th Cir. 2016).

Instead of considering each part of a construction project separately, the Eighth Circuit has interpreted Minnesota law to require consideration of the "overall process of construct[ion]." *Lederman v. Cragun's Pine Beach Resort*, 247 F.3d 812, 815-16 (8th Cir. 2001). If the construction project as a whole constitutes an improvement to real property and the portion of the project at issue is an "integral part of the construction," then the challenged portion also constitutes an improvement to real property under section 541.051. *See id.*

Bolander argues that, because the pavement removal was an integral part of a larger project that would qualify as an improvement to real property, the pavement removal must also be considered an improvement to real property under the Eighth Circuit's decision in *Lederman*. *See id.* at 816 ("[B]ecause the trench at issue here was an integral part of building the Shoreline Suites, we hold that the trench, although merely temporary, was an 'improvement to real property' under Minnesota law.").

MCI disputes Bolander's assessment for two reasons. First, MCI cites *Lowry Hill Props. v. Ashbach Constr. Co.*, 194 N.W.2d 767, 775 (Minn. 1971), for the proposition that pavement removal is not an improvement to real property under section 541.051. Second, MCI cites *Brandt v. Hallwood Mgmt. Co.*, 560 N.W.2d 396, 400-02 (Minn. Ct. App. 1997), for the proposition that demolition of an existing structure does not fall within section 541.051. MCI thus argues that, because Bolander and Maverick were performing pavement removal for the demolition of an existing bridge, section 541.051 does not apply.

The Court finds that Maverick's sawcutting or pavement removal constitutes an improvement to real property under section 541.051. While *Lowry* is a Minnesota Supreme Court decision, the pertinent language in *Lowry* is dicta.[1] *See* 194 N.W.2d at 775. *Lowry* held that section 541.051 did not bar the plaintiff's action because defendants failed to affirmatively plead section 541.051 as a defense as required by Minnesota Rule of Civil Procedure 8.03. *Id.* *Lowry* then mentioned pavement removal in a passing sentence, provided no analysis for its reasoning, and gave an additional reason for not applying section 541.051: plaintiff's cause of action arose before section 541.051 became law. *Id.*

Because *Lowry* provided no analysis for its conclusion that section 541.051 would not apply to pile driving and pavement removal, it is not clear whether the *Lowry* court concluded that pavement removal is not an improvement to real property or that the injury did not arise out of a condition of the improvement or both. The alleged injuries in *Lowry* stemmed from "excessive vibrations" caused by pile driving. *Id.* at 771. The court could have based its conclusion on the same reasoning the Court applies in this case: that section 541.051 applies only to causes of action arising out of conditions of improvements, not negligent construction activities.

---

[1] The Court acknowledges that in *Kittson Cty. v. Wells, Denbrook & Assocs., Inc.*, a case neither party cites, the Minnesota Supreme Court stated in a footnote that *Lowry* "held . . . that pile driving and paving activities did not constitute a condition of an improvement to real property" under section 541.051. 241 N.W.2d 799, 801 n.2 (Minn. 1976), *overruled in part by Lietz*, 718 N.W.2d at 871 & n.3. But *Kittson*, like *Lowry*, does not clarify whether this conclusion turns on the "improvement" question or the "condition" question. Furthermore, *Kittson* was decided at a time when section 541.051 was construed strictly. *Id.* at 801. In 1980, the Minnesota state legislature "specifically broadened [541.051's] scope." *Lietz*, 718 N.W. 2d at 871. The Minnesota Supreme Court has since expressly overruled *Kittson*'s mandate to construe the statute strictly. *Id.* at 871 n.3 (noting *Kittson* is overruled "to the extent that it requires a rule of strict construction to be used when interpreting section 541.051").

Furthermore, the *Lowry* court's conclusion stemmed from the court's interpretation of "legislative intent" during a time when section 541.051 was strictly construed. *See* 194 N.W. 2d at 775; *Kittson Cty. v. Wells, Denbrook & Assocs., Inc.*, 241 N.W.2d 799, 801 (Minn. 1976). But the Minnesota state legislature has since "specifically broadened" the scope of section 541.051. *See Lietz*, 718 N.W. 2d at 871 & n.3.

As to *Brandt*, the Court is bound only to follow state supreme court decisions. *See Integrity Floorcovering, Inc.*, 521 F.3d at 917. *Brandt*'s holding, while persuasive, does not overcome the Court's obligation to follow the binding precedent of *Lederman*, which requires the Court to consider the construction as a whole.

Following *Lederman*, taking the Minnesota Supreme Court's common sense approach, and applying the Minnesota Supreme Court's definition of an improvement to real property, the Court concludes that Maverick's sawcutting constitutes an improvement to real property under Minn. Stat. § 541.051. There is little doubt the City of St. Paul's bridge removal and replacement project would qualify as an improvement to real property under section 541.051. *See Lietz*, 718 N.W.2d at 869. First, replacing the bridge constitutes a permanent addition to real property. Second, the bridge replacement undoubtedly enhanced the use and value of the property. Third, labor and money were expended. Fourth and finally, the project required significant work beyond just ordinary repairs.

It is also undisputed that the pavement removal done by Maverick and Bolander was "required" for the overall project to proceed, making the pavement removal an integral part of the entire construction process. (Compl. ¶ 18.); *see Lederman*, 247 F.3d at 815. The

Court thus concludes that Maverick's sawcutting constitutes an improvement to real property under Minn. Stat. § 541.051.

### B. Arising Out of a Defective and Unsafe Condition

Having determined that Maverick's sawcutting constitutes an improvement to real property under section 541.051, the Court turns to the question of whether MCI's injury arose out of a "defective and unsafe condition" of the improvement. Minn. Stat. § 541.051, subd. 1(a). The Minnesota Supreme Court splits this analysis into two questions: (1) whether the condition of the improvement was "defective and unsafe," and (2) whether the injury "arose out of the condition." *Lietz*, 718 N.W.2d at 871. The Court finds the latter question dispositive in this case.

The Minnesota Supreme Court has "not yet been required to define the exact parameters of the definition of 'arising out of' in section 541.051." *Lietz*, 718 N.W.2d at 872. But the key question in this case is whether there was a "condition" at all. The Court finds that there was not.

Black's Law Dictionary defines a "condition" as: "A state of being; an essential quality or status." CONDITION, Black's Law Dictionary (10th ed. 2014). It defines a "dangerous condition" as "[a] property defect creating a substantial risk of injury when the property is used in a reasonably foreseeable manner." *Id.* Merriam-Webster's Dictionary defines "condition" as "a state of being" or "a state of physical fitness or readiness for use." *Merriam-Webster's Collegiate Dictionary* 240 (10th Ed. 1993).

Here, MCI's injury did not arise out of a condition. MCI does not allege that a problem with the pavement resulted in its cables being cut. Nor does it allege that Maverick's cutting created a condition of the pavement—or any other piece of property—that caused its injury. Rather, MCI alleges that its injury arose out of the allegedly negligent manner in which Maverick sawcut. Thus, section 541.051 does not apply to MCI's claims because MCI's injury did not arise out of a defective or unsafe **condition**.

Eighth Circuit case law supports this conclusion. In *Lederman*, the plaintiff was injured when an already-dug trench caused a walkway to collapse. 247 F.3d at 813-14. The digging of the trench itself was not deemed "defective and unsafe," it was the condition of trench—i.e. the improvement to real property—that was defective and unsafe, which caused plaintiff's injuries. *Id.* at 817 n.4.

Two persuasive cases from the Minnesota Court of Appeals also support this conclusion. In *Brandt*, a construction worker was injured when a subcontractor failed to de-energize pre-existing electrical wires within a building that was being renovated. 560 N.W.2d at 402. The Minnesota Court of Appeals held that section 541.051 did not apply because "it was not the condition of any improvement to realty that caused appellant's injuries; it was the conduct of [the subcontractor] that resulted in appellant's injuries." *Id.* Here, like *Brandt*, no defective or unsafe condition of the improvement caused MCI's injury. Rather, it was Maverick's allegedly negligent conduct that caused MCI's injury.

In *Wiita v. Potlatch Corp*, a plaintiff was injured when two cement blocks being moved to construct a wall fell from a crane. 492 N.W.2d 270, 270-71 (Minn. Ct. App. 1992). The *Wiita* court reasoned that section 541.051 did not apply because the plaintiff's

injury arose not out of some defective or unsafe condition of the wall itself, which was an improvement to real property, but out of negligent operation of the crane. *Id*. at 271-72. Like *Wiita*, MCI's injury was not caused by some condition of the pavement, but by the allegedly negligent operation of the sawcutter.

That said, *Lietz* provides some indication that the Minnesota Supreme Court might move toward including negligent construction activities, not just defective "conditions," within the purview of section 541.051. In *Lietz*, the Minnesota Supreme Court overruled a previous mandate to construe section 541.051 strictly and reaffirmed that "negligence during [an] installation process can lead to a defective and unsafe condition." 718 N.W.2d at 871-872 & n.3 (internal quotation mark omitted). The court found that a utility pole anchor was negligently installed, leading to the puncture of a gas line and an explosion. *Id.* at 872-73. The *Lietz* court applied section 541.051 but made clear that the injuries "arose out of the defective and unsafe **condition of the anchor**." *Id.* at 873 (emphasis added). Here, there is no anchor; there is only an allegedly negligent action that directly caused the injury.

It is possible that the Minnesota Supreme Court, in employing a broader interpretation of section 541.051, may move toward including negligent construction activities—rather than merely conditions of improvements—within the purview of the statute. However, it has yet to do so. Thus, the Court finds that section 541.051 does not apply because MCI's injury did not arise out of a defective or unsafe condition of the improvement to real property.

## CONCLUSION

The Court finds that, because the pavement removal here was an "integral part" of a construction project that would otherwise qualify as an "improvement to real property," it too qualifies as an "improvement to real property" under Minn. Stat. § 541.051, subd. 1(a). *See Lederman*, 247 F.3d at 815-17. However, the Court finds that MCI's injury did not arise out of any "defective and unsafe condition" of the improvement; rather, it was caused by allegedly negligent conduct. The Court will therefore deny Bolander's Motion to Dismiss.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Bolander's Motion to Dismiss [Docket No. 7] is **DENIED.**

DATED: June 12, 2019  
at Minneapolis, Minnesota

_____  
JOHN R. TUNHEIM  
Chief Judge  
United States District Court